<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4656**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TYSON ANDERSON,

                    Defendant - Appellant.


Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:08-cr-00024-jpj-pms-9)


Submitted:  July 27, 2010            Decided:  August 13, 2010


Before KING, SHEDD, and AGEE, Circuit Judges.


Affirmed by unpublished per curiam opinion.


Charles Gregory Phillips, PHILLIPS & PHILLIPS, Salem, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Tyson Anderson of conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006), and distribution and possession with intent to distribute cocaine base and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C. § 841(a) (2006). The district court sentenced Anderson to eighteen months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Anderson argues that there was insufficient evidence to support the convictions. This court reviews a district court's decision to deny a Rule 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). The verdict of a jury must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he jury, not the reviewing court,

2

weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Id. (internal quotation marks and citation omitted).

In order to prove that Anderson conspired to possess with intent to distribute cocaine and cocaine base, the Government needed to show (1) an agreement between two or more persons, (2) that Anderson knew of the agreement, and (3) that Anderson knowingly and voluntarily joined the conspiracy. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc) (citations omitted). However, the Government need not make this showing through direct evidence. In fact, "a conspiracy may be proved wholly by circumstantial evidence." Id. at 858. A conspiracy therefore may be inferred from the circumstances presented at trial. Id. Furthermore, although the Government must prove all of the elements listed above beyond a reasonable doubt, "[c]ircumstantial evidence sufficient to support a conspiracy conviction need not exclude every reasonable hypothesis of innocence, provided the summation of the evidence permits a conclusion of guilt beyond a reasonable doubt." Id.

In order to establish possession with intent to distribute, the Government had to prove beyond a reasonable doubt that Anderson (1) knowingly, (2) possessed the cocaine base, (3) with the intent to distribute it. Burgos, 94 F.3d at 873. Possession can be actual or constructive. Id. Furthermore, "[l]ike conspiracy, [c]onstructive possession may be established by either circumstantial or direct evidence." Id. (internal quotation marks omitted).

We have thoroughly reviewed the record and conclude that the Government provided substantial evidence from which the jury could conclude that Anderson was guilty of the offenses for which he was convicted. See id. at 862 ("[D]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review.") (internal quotation marks and citation omitted).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED